GRAND COMMANDERY OF MASSACHUSETTS, UNITED ORDER
OF THE GOLDEN CROSS vs. JOHN C. STEWART & others.

Suffolk.    December 3, 1900. — December 12, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Charges against Fraternal Life Insurance Company — Equity — Injunction.*

A bill in equity brought by a fraternal life insurance company, which was an asso-
ciate body established by the defendant corporation, to restrain the proceeding
with the consideration of certain charges made against the plaintiff, showed that
the plaintiff actually knew the time and place of the defendant's intended meet-
ing and the nature of the charges against it, did not suggest that the defendant
would not hear the plaintiff's defence, and there was nothing to show that it
could not get a certified copy of the charges by sending to the defendant. It
also appeared that whatever difficulty the plaintiff might have in dealing with
the proceedings because of its own constitution was its own affair; and the
proceedings of the defendant followed the regular course when charges were
preferred to it against subordinate bodies like the plaintiff. *Held,* on demurrer,
that if there was any omission, it was only technical and not ground for an
injunction.

BILL IN EQUITY, filed March 30, 1900, to restrain the defend-
ants, John C. Stewart, Elmer E. Hill, Joseph P. Burlinghame,
and Supreme Commandery, United Order of the Golden Cross
of the World, from proceeding with the consideration of certain
charges made against the plaintiff corporation.

The bill alleged that the plaintiff was a corporation organized
under the laws of this Commonwealth; that it was also an asso-
ciate body of nearly two thousand persons, established by the
defendant corporation on December 10, 1878; that it was in the
possession and exercise of valuable rights and privileges by vir-
tue of a contract with the defendant corporation, and had exer-
cised the same since December 10, 1878; that the business of
the plaintiff and defendant corporations was co-operative fra-
ternal life insurance; that the work of the plaintiff was the
organizing of new lodges or subordinate commanderies in
this Commonwealth, with exclusive control of the work, except
as to the benefit fund and expense assessment, and generally
superintending the work of the order in this Commonwealth;
that there were one hundred and thirty subordinate command-

eries, with a membership of over ten thousand persons, now carrying on the work of fraternal insurance in this Commonwealth under the direction of and in connection with the plaintiff; and that the plaintiff had collected and disbursed large sums of money, and was carrying on an extensive business. The bill further alleged that the three first-named defendants were assuming to receive and act upon certain charges or complaints made against the plaintiff by a subordinate commandery, and that they were without authority to proceed in the premises and in their proposed action in that no notice in conformity to the law in such cases provided of said charges had ever been given to the plaintiff to appear, answer, or defend against the charges or any of them; that the complaints were without foundation, and the hearing, if allowed to take place, might result in serious injury to, and even the destruction of, the plaintiff's business ; and that the hearing was to commence on Friday, March 30, current, at 10 o'clock, A. M., at the Revere House in Boston, a time when the plaintiff could not legally or properly appear to answer thereto.

The plaintiff amended the bill by adding thereto the following allegations: that by the constitution of the defendant corporation, when charges are preferred against a grand commandery, it is the duty of the defendant corporation, by its supreme commander, to furnish to such commandery a copy of such charges, and to appoint a committee of three members of the defendant corporation to assemble at such time and place as may be determined by its supreme commander, and at the same time to notify the grand commandery of the time and place of the meeting of the committee, but that no such notice had ever been given ; that the plaintiff corporation is also required to meet annually on the second Wednesday in April, and there is no provision in the constitution for any officer to receive service of notice of the charges or to take any action upon them except to refer them to the next meeting ; that the constitution is a part of the records of the defendant corporation ; that no authenticated copy of the charges had ever been presented to the plaintiff or its officers ; and although an authenticated notice of the meeting of the committee, as above set forth, had been served on the clerk or grand keeper of records of the plaintiff corporation, on or about the

twenty-third day of March last past, yet such notice cannot be presented to your complainant corporation until its next regular meeting, which occurs on the eleventh day of this month; and that the plaintiff believes that the defendants appointed the hearing on the thirtieth day of March last for the especial purpose and with the especial intention of preventing the plaintiff from having an opportunity to answer and properly defend itself.

The defendants demurred to the bill, assigning as grounds therefor: 1. Want of equity. 2. Failure to show that the proceedings were unlawful or beyond the power of the defendant corporation. 3. That the matters complained of were wholly within the jurisdiction of the defendant corporation. 4. That by the bill the three first named defendants were a court of special jurisdiction, and it did not appear that the plaintiff had exhausted its remedy before that court and before the supreme commandery. The Superior Court sustained the demurrer and dismissed the bill with costs; and the plaintiff appealed.

*W. B. Grant*, for the plaintiff. ·

*W. H. Powers*, for the defendants, was not called upon.

HOLMES, C. J.   The bill shows that the plaintiff actually knew the time and place of the defendants' intended meeting and the nature of the charges against it. It does not suggest that the defendants will not hear the plaintiff's defence. If the plaintiff wants a certified copy of the charges, there is nothing to show that it cannot get one by sending to the defendants. Whatever difficulties it may have in dealing with the proceedings because of its own constitution are its own affair. The proceedings of the defendants appear to be following the regular course of the defendant corporation when charges are preferred to it against subordinate bodies like the plaintiff. If there has been any technical omission, which is not clear, it seems to have done no harm, and certainly is not ground for an injunction.

*Demurrer sustained; bill dismissed.*